### Jones *against* Acre, administrator of Campbell.       *May,* 1820.

ON the 11th day of May, 1811, a writ issued in the name of *James H. Campbell* plaintiff, *vs. Wm. B. Jones* defendant, returnable to the Superior Court of *Mobile* county.   At October term, 1811, *Acre,* as administrator of *Campbell,* declared in assumpsit against *Jones,* making profert of his letters of administration.   General issue.  The record then sets out as of October term 1816.   " The jury find for the plaintiff $153 53. *Thomas Powel,* foreman." " Ordered that a new

*1st, Action instituted by intestate declaration in name of administrator. Verdict on general issue. Omission of suggestion of death cured.*

MAY, 1820.

Jones
v.
Acre, admr.
of Campbell.

2d, New trial awarded. Omission of names of jurors on first trial not to be noticed.
3d, Judgment uncertain as to its amount and date, must be reversed.

trial be granted in this case." The record then proceeds, without any statement of continuance, or of the term or date, to set out the names of another jury, their verdict for $153 53, a release of $53 53, and the following entry: "*Therefore it is ordered by the Court that the plaintiff do recover, and that the defendant in mercy,*" &c.

*Jones* sued out a writ of Error to the General Court of the *Alabama Territory,* and assigned errors at the July Term 1818, which appear in the opinion of the Court here.

*By the Court.* As to the first assignment that there was no order of the Court for the admission of the administrator as a party, the plaintiff in error, by his plea to the declaration, waived the irregularity, and admitted that the administrator was a party. As to the second, that the number and names of the jury on the first trial did not appear, the first verdict was set aside, and we are therefore not to enquire whether it was rendered by a legal jury. The third assignment, that the record does not shew at what term or for what amount judgment was rendered, we believe to be well taken, although the verdict is for a certain sum, it does not appear when it was rendered. We are not informed by the record what judgment the Court below should have rendered, or from what time interest should be calculated.

Let the judgment be reversed, and the Cause be remanded.